WESTERN TRANSP. CO. (HOUGH v.). See Case No. 6,724.

WESTERN TRANSP. CO. (MALONE v.). See Case No. 8,996.

WESTERN UNION R. CO. (STEWART v.). See Case No. 13,438.

## Case No. 17,444.

WESTERN UNION TEL. CO. v. AMERICAN UNION TEL. CO. et al.

[9 BISS. 72;[1] 19 Am. Law Reg. (N. S.) 173.]

Circuit Court, D. Indiana. July, 1879.

RAILROAD RIGHT OF WAY — EXCLUSIVE USE FOR TELEGRAPH—VALIDITY OF GRANT—RIGHTS OF OTHER COMPANIES.

1. Since the act of congress of July 24, 1866 (Rev. St. § 5263 [14 Stat. 221]), a railroad cannot grant to a telegraph company the sole right to construct a line over its right of way so as to exclude other telegraph companies which have accepted the provisions of said act of congress, and whose lines would not disturb or materially obstruct the lines of the company to which the use has first been granted.

[Cited in Western Union Tel. Co. v. Baltimore & O. Tel. Co., 19 Fed. 662, 23 Fed. 12. Distinguished in Mercantile Trust Co. v. Atlantic & P. R. Co., 63 Fed. 519.]

[Cited in American Tel. & Tel. Co. v. Pearce, 71 Md. 545, 18 Atl. 910.]

2. A telegraph company having a grant from a railroad of such exclusive right to construct a line along the right of way is entitled to an injunction against actual interference with its line, but not against such interruption of its business as results from mere competition by other companies constructing rival lines along said railroad.

In equity. This was a motion for an injunction against the American Union and Central Union Telegraph Companies and the Wabash Railway Company, to restrain the construction of the lines of the American Union Telegraph Company along the right of

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

way of the Wabash Railway Company, upon the ground that the railway company, by a contract made in 1870, had granted to the complainant, the Western Union Telegraph ,Company, the exclusive right to construct a line along said right of way.

Harrison, Hines & Miller, McDonald & Butler, and Williams & Thompson, for complainant.

Baker, Hord & Hendricks, C. B. Stuart, Wager Swayne, and H. S. Greene, for defendants.

HARLAN, Circuit Justice. I am of the opinion:

First—That the Wabash Railway Company, by its numerous acts of ratification subsequent to its organization, became bound by the contract of May 2, 1870, as fully as the Toledo, Wabash & Western Railway Company would be if it were in existence and operating the lines of railway in question.

Second—Notwithstanding the relations which some of the promoters of the American Union Telegraph Company hold to the Wabash Railway Company, the former must be regarded in this suit as an entirely distinct corporation, duly organized under the laws of Indiana, with power to construct and operate lines of telegraph in that state.

Third—It was competent for the railway company which entered into the contract of 1870, to grant to the Western Union Telegraph Company the privilege, for a term of years, of using its right of way for the purpose of constructing, maintaining and operating lines of telegraph.

Fourth—But consistently with the provisions of the act of congress approved July 24, 1866, and with the principles announced in the case of Pensacola Tel. Co. v. Western Union Tel. Co., 96 U. S. 19, the railway company could not, by contract, put it in the power of the Western Union Telegraph Company to exclude from such right of way other telegraph companies, which like the Western Union Telegraph Company accepted the provisions of the act of 1866, and whose lines when constructed and in operation would not disturb the possession or materially obstruct the operation of the lines of that company. The defendant railway company interposes no objection to the occupancy of its right of way by the American Union Telegraph Company; on the contrary, it has assented thereto and waived, or does not demand, compensation therefor. It was unnecessary, therefore, to institute the proceedings against the railway company to condemn its right of way for telegraph purposes. I am satisfied that the new line can be constructed and operated on the railway company's right of way without interfering with ordinary travel thereon, and without substantially interfering with the successful operation of any lines which complainant has erected or is likely to erect, or need on and over the same right of way. The complainant is entitled to full protection against interference with the use of its lines, but it is not entitled to be protected by injunction in the exclusive use of the railway company's right of way assumed to be granted by the contract of 1870, contrary, as I think, to the public policy declared in the act of congress and recognized and enforced in the foregoing decision of the supreme court of the United States.

It may be true that the defendant railway company has violated the terms of the contract of 1870 by voluntarily assenting to the use of its right of way by the American Union Telegraph Company without compensation. Still the court cannot make that violation the basis of an injunction against the new company, without putting it in the power of railway companies operating the post-roads of the United States, by private agreement with a telegraph company, to defeat the purposes of the act of 1866, c. 230 [14 Stat. 221], which was to make the erection of telegraph lines on the post-roads of the United States (the consent of the owners of the right of way being obtained, or such right of way being condemned for telegraph purposes and compensation therefor made), free, even against hostile state legislation, to all corporations submitting to the conditions imposed by congress. If, in such cases, state legislation cannot prevent the occupancy of post-roads for telegraph purposes, by such corporations as are willing to avail themselves of the act of congress, much less could such results be rightfully obtained through private contracts of corporations. Complainant may have an injunction against all interference with the operation and use by it of its present lines of telegraph, upon and along the roads of the defendant railway company, other than such interference as may arise or result from mere business competition with other companies constructing rival lines; and further orders will, in that event, be made during the pendency of this suit, as may be necessary to prevent such interference. But the application for an injunction to prevent the construction and operation by the defendant telegraph company of any and all lines of telegraph whatever, upon such right of way. is denied. Such order will be entered as may be consistent with what is here said.